While cognizant of the fact that we do not deal here with the vacatur of a default judgment, we nevertheless observe that respondent has failed to provide a reasonable excuse for her continuing default in complying with the IAS part's orders, and that she has made no showing of merit in support of the relief sought. *(See, Eisenstein v Rose,* 135 AD2d 369.) Given that plaintiff's motions were granted unless respondent met certain conditions, which she has twice failed to do, we deem it to have been an improvident exercise of discretion for the IAS part to have relieved her of her default in the absence of such a showing. *(See, Matter of Jones,* 128 AD2d 403.) Moreover, our reading of this record leads us to conclude that respondent's conduct in ignoring plaintiff's discovery demands, followed by her default in complying with the terms of two conditional orders of preclusion, was willful and calculated to be dilatory, evasive, and obstructive. *(See, Sony Corp. v Savemart, Inc.,* 59 AD2d 676.) Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD WYCHE, Appellant.—Judgment, Supreme Court, New York County (Robert Haft, J.), rendered on or about July 12, 1988, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that court and by submitting such application to the Clerk of that court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Sullivan, J. P., Carro, Rosenberger, Kupferman and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAGDA TORRES, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered on or about August 3, 1989, unanimously affirmed.